[Civ. No. 4187. Third Appellate District.—September 27, 1930.]

WILLIAM P. WILKINSON, Administrator, etc., Respondent, v. I. G. ZUMWALT, Appellant.

U. W. Brown for Appellant.

George. R. Freeman for Respondent.

MR. JUSTICE THOMPSON (R. L.) Delivered the Opinion of the Court.—This is a motion to dismiss an appeal for failure on the part of the appellant to state the points or print in his brief the evidence upon which he relies for a reversal.

Judgment was rendered in favor of the respondent for possession of certain reclamation district warrants, or upon failure to deliver the same, for their value, which was found to be the sum of $2,105.93. The appeal was perfected pursuant to section 953a of the Code of Civil Procedure. The reporter's transcript of proceedings, properly certified by the trial judge, was duly filed, The judgment-roll was also certified and filed. The appellant's printed brief was filed August 11, 1930. In what purports to be a summary of the evidence, this brief recites that plaintiff's intestate owned 119 reclamation district warrants; that Charles K. Atran was acting as attorney for the estate of the deceased and procured an order of court to sell the warrants; that the attorney negotiated with the defendant to sell the warrants for an agreed price; that the defendant drew his check upon a Colusa bank for the purchase price in favor of the attorney and delivered to him the check; that the attorney had possession of the warrants, and upon receipt of the check delivered the warrants to the defendant, promising to promptly obtain an order of the probate court confirming the sale; that the sale was not confirmed. A year after the delivery of the warrants to the defendant, the plaintiff demanded their return, but failed and refused to refund the money which was paid therefor. The brief then asserts:

"Defendant contends that the administrator cannot demand the return of the warrants which were delivered to defendant, and for which defendant paid the full purchase price, without refunding or offering to refund the purchase price thereof to the defendant."

From the foregoing statement it may be reasonably inferred the appellant contends the judgment and findings are not supported by the evidence because there is a lack of

proof that the plaintiff refunded or offered to restore to the defendant the purchase price of the warrants as a necessary precedent to the maintenance of an action for replevin. The soundness of the legal proposition is not here involved.

The brief then proceeds to argue with the support of citations of law, that the attorney was held out by the administrator of the estate as his agent who had the possession of and authority to sell the warrants and accept the pay therefor, and that the administrator was bound as a trustee of the purchase money to procure the confirmation of the sale or refund the money.

There is no direct statement in the brief that appellant contends that the judgment and findings to the effect that the plaintiff is the owner and entitled to the possession of the warrants, is unsupported by the evidence. Nor is all of the material evidence in support of the judgment printed or referred to in the brief.

Rule VIII of the Supreme Court provides that: "The briefs must present each point separately, under an appropriate heading, showing the nature of the question to be presented. . . . Where the parts of the typewritten record relied upon on appeal are required to be printed in the briefs (Code Civ. Proc., sec. 953a et seq.) it shall be sufficient to state therein the substance of such record, parenthetically referring to the line and page of the typewritten transcript for verification. . . . "

The brief lacks directness of statements regarding the issues at stake, the evidence adduced and the alleged defects of evidence. Much is left to be inferred. It may be conceded the brief of appellant is defective. However, this rule was adopted for the benefit of the court on appeal to save the arduous task of an original examination of the transcript, and some discretion is left with the court to determine whether a fair effort has been made in good faith to comply with the rule and the statute. (2 Cal. Jur. 729, sec. 420.)

In the present case it seems evident the appellant attempted to state the substance of the evidence in his recitation of facts. The entire transcript of evidence consists of but forty pages. The pleadings and proceedings constituting the judgment-roll are duly certified. Five different references are made in the brief to the pages and lines of

the reporter's transcript for verification of the general summary of facts stated. About half a page of evidence is also quoted.

All that the rules, as amended June 1, 1928, now require is that the substance of the facts relied upon as reversible error shall be printed, ''parenthetically referring to the line and page of the typewritten transcript for verification''.

Defective as the brief is, we are disposed to hold it constitutes a substantial compliance with the rule of court and that the appeal should be heard on its merits.

The motion to dismiss the appeal and affirm the judgment is therefore denied.